UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILIP GIBSON                                          CIVIL ACTION

versus                                                 NO. 12-2632

ORLEANS PARISH SHERIFF                                 SECTION: "H" (3)

REPORT AND RECOMMENDATION

Petitioner, Philip Gibson, a state pretrial detainee, has filed a federal application seeking relief pursuant to 28 U.S.C. § 2241. Although almost all of petitioner's filings in this case are rambling and convoluted, the gist of the matter appears to be that he is displeased that state criminal proceedings have been initiated against him. Specifically, his § 2241 petition challenges his ongoing prosecution in Orleans Parish Criminal District Court on a charge of Exploitation of the Infirmed. He has also been separately charged in East Baton Rouge Parish with Filing or Maintaining False Public Records, Theft, Perjury, Public Bribery, and Obstruction of Justice. It is unclear whether that second prosecution is also intended to be challenged herein or if, instead, his numerous allegations concerning those proceedings are simply meant to support his contention that he is being persecuted by state officials pursuant to a large-scale illegal conspiracy against him.

Petitioner has filed a motion entitled "Invocation Demand for Immediate Release and Request for Preliminary Injunction with Temporary Restraining Order." Rec. Doc. 17. The state opposes that motion. Rec. Doc. 31. The motion has been referred to the undersigned United States

Magistrate Judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).  Rec. Doc. 20.

Despite petitioner's request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order.  Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).  Under the law of this Circuit, a petitioner must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction:  (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  He must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United States Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites.  See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994).  As a result, "[t]he

decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. For the following reasons, the Court finds that petitioner has failed to make a clear showing on any of the four required criteria for a preliminary injunction.

As to the first criteria, the undersigned finds that there is not a substantial likelihood that petitioner will succeed on the merits in this case. In his petition, he seeks to have this Court intervene in his ongoing state criminal proceedings. However, such intervention is generally inappropriate. It has long been established that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973). Simply put, a state pretrial detainee may not use § 2241 to derail a pending state criminal proceeding by attempting "to litigate constitutional defenses prematurely in federal court." Id. at 493. There is, of course, an important distinction between a detainee who seeks to abort or disrupt a state proceeding by litigating a defense prior to trial and one who merely seeks to enforce the state's obligation to bring him promptly to trial. "This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." Brown v. Estelle, 530 F.2d 1280,

1283 (5th Cir. 1976). It is clear from petitioner's pleadings that he is seeking the former, and, therefore, relief is unlikely to be granted in this case.

The undersigned further finds that no substantial threat of irreparable harm exists if the injunction is not granted, the threatened injury does not outweigh the harm to the state's interests in prosecuting crime, and this Court's intervention under the facts of this case would undermine the public interest. As the United States Supreme Court has noted in the somewhat analogous situation of individuals seeking injunctive relief in federal civil rights actions:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted). Rather than seeking federal intervention pursuant to § 2241, petitioner should instead pursue one of the many remedies available to adequately protect his rights, including review of any resulting conviction through direct appeal or post-conviction
- 4 -

1283 (5th Cir. 1976). It is clear from petitioner's pleadings that he is seeking the former, and, therefore, relief is unlikely to be granted in this case.

The undersigned further finds that no substantial threat of irreparable harm exists if the injunction is not granted, the threatened injury does not outweigh the harm to the state's interests in prosecuting crime, and this Court's intervention under the facts of this case would undermine the public interest. As the United States Supreme Court has noted in the somewhat analogous situation of individuals seeking injunctive relief in federal civil rights actions:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). In Younger, the United States Supreme Court had expressly held:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 46 (citation omitted). Rather than seeking federal intervention pursuant to § 2241, petitioner should instead pursue one of the many remedies available to adequately protect his rights, including review of any resulting conviction through direct appeal or post-conviction

collateral proceedings in the state courts and, if necessary, a petition for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254 when appropriate.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Invocation Demand for Immediate Release and Request for Preliminary Injunction with Temporary Restraining Order," Rec. Doc. 17, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twentieth day of February, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.