**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**PHILIP GIBSON**                              \*        **CIVIL ACTION NO. 12-2632**
                                               \*
                              **Plaintiff**    \*        **SECTION:  H**
                                               \*        **JUDGE JANE TRICHE MILAZZO**
**VERSUS**                                     \*
                                               \*        **MAGISTRATE: 3**
**ORLEANS PARISH SHERIFF**                     \*        **MAGISTRATE JUDGE KNOWLES**
                                               \*
                              **Defendant**    \*
                                               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


**<u>ORDER AND REASONS</u>**


Before the Court is Plaintiff, Philip Gibson's, Petition for Habeas Corpus.  (R. Doc. 1.) For the following reasons, the Court must abstain from exercising jurisdiction over Plaintiff's Writ of Habeas Corpus.  Accordingly, it is ordered that Philip Gibson's claims brought pursuant to 28 U.S.C. §2241 against Defendants are dismissed with prejudice. Because this Court lacks jurisdiction, all outstanding Motions (Docs. 29, 33, 41, 44, 46) are **DENIED** and the above captioned matter is **DISMISSED**.

**BACKGROUND**

Plaintiff, Philip Gibson ("Gibson") was indicted on June 16, 2011 in Louisiana state court in Orleans Parish for Exploitation of the Infirmed, La. Rev. Stat. Ann. § 14:93.4. (R. Doc. 30 at 1.) Gibson allegedly violated Louisiana's Exploitation of the Infirmed statute, La. Rev. Stat. Ann. § 14:93.4, when he used funds from the bank account of Thelma Seabolt, an elderly lady under his care. (R. Doc. 30 at 5.) In total, Gibson, who has ten prior felony convictions, allegedly misappropriated $252,940.91 of Seabolt's money. (*Id.* at 8-10.)

Gibson was also indicted in East Baton Rouge with violations of La. Rev. Stat. Ann. § 14:133 (Filing or Maintaining False Public Records), La. Rev. Stat. Ann. § 14:67 (Theft), La. Rev. Stat. Ann. § 14:123 (Perjury), La. Rev. Stat. Ann. § 14:118 (Public Bribery), and La. Rev. Stat. Ann. § 14:130.1 (Obstruction of Justice), because he represented himself as a medical doctor and the executive director of a non-profit organization, accepted donations under false pretenses, and attempted to bribe a pastor to clear his name. (R. Doc.30 at 2-5.) Gibson is currently in custody of Orleans Parish awaiting trial. (R. Doc. 46 at 2.)

On December 27, 2011, Gibson filed a Writ of Habeas Corpus with the Fourth Circuit Court of Appeals, which was denied on February 14, 2012. (R. Doc. 1-1 at 21.) On March 9, 2012, Gibson filed a Writ of Habeas Corpus with the Louisiana Supreme Court, which was denied on April 20, 2012. (*Id.* at 21-22.)

On October 17, 2012, Gibson filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with the United States District Court for the Eastern District of Louisiana. (Rec. Doc No. 1.) Gibson requests "declaratory relief[,] . . . petition for mandamus, . . . prohibition and certiorari under the provisions of the All Writs Act, 28 U.S.C. 452, . . . preliminary injunction, or in the alternative, a temporary restraining order." (R. Doc.1-1 at 7-8.)

In his Petition for a Writ of Habeas Corpus, Plaintiff alleges violations of 18 U.S.C.A. § 1962, the Racketeering Influenced and Corrupt Organizations statute ("RICO") , (R. Doc. 1-1 at 7; 10 at 4), and violations of his constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments (R. Doc. 1-1 at 8; 10 at 40.)

## ARGUMENTS OF THE PARTIES

Two main arguments can be deciphered from Gibson's statement of the facts.[1] First,

---

[1] Gibson has several motions pending. First, Gibson motioned for a Denno Hearing because he is in direct possession of evidence. Gibson avers that a Denno hearing is the only way he can present this evidence, and it is the court's constitutional duty to ensure that all evidence is presented when RICO claims are presented. (R. Doc. 29 at 3.) Second, Gibson motioned for for Invocation of Federal RICO Actions because "[i]t is the court's obligation to open necessary investigation once cause and presentation of All [sic] the evidence, (testimony/documentary) has been shown cause for such," and he has provided evidence that the following people are engaged in illegal activity: "James Caldwell, Buddy Calwell, Harrell Wilson, as primaries of the Attorney general's Office; Jeffrey Arnold and James Tucker as primaries of the Algiers Development District, and Kirk Reasonover, Westley Barr, and Amanda Hogue as primaries representing New Orleans Redevelopment Authority. (R. Doc. 33 at 3.) Third, Gibson motioned for Sanctions to be issued on "the Louisiana Attorney General for complete deliberate failure to comply with the United States District Court Orders," specifically failure to comply with Judge Milazzo's order to file 'a certified copy of the entire state court record, including transcripts of all proceedings held in state courts." (R. Doc. 41 at 1-2.) Fourth, Gibson moved to appeal all orders and dispositions made by Magistrate Knowles–including his Report and Recommendations and orders on Motion for Discovery, Motion for Miscellaneous Relief, Motion to Appoint Counsel, and Leave to Proceed *In Forma Pauperis*(R. Doc.Nos. 44, 46)–because "the crafters of RICO allotted no provision for a magistrate's participation in RICO

Gibson contends that several elected officials[2] conspired and abused their power to deprive him of his position in the non-profit of which he was indicted for misrepresenting himself as executive director in his East Baton Rouge case in violation of RICO. (R. Doc. 1-1 at 8-12.) Second, construing Gibson's petition liberally, he argues that his due process rights and his right to a fair trial were violated because his $500,000 bail was unreasonable, (*id.* at 13, 24); Attorney General Caldwell engaged in prosecutorial misconduct, (*id.* at 24); Orleans Parish Criminal District Court Judge Derbigny has failed to rule on several motions, has denied Petitioner counsel, and was ultimately not recused, (*id.* at 22-24); and the Bill of Information in this Orleans Parish case is defective for failure to state a dollar amount in order to determine whether the crime is a misdemeanor or felony, (*id.* at 16-17.)

The Attorney General argues that all of Gibson's claims are barred by the *Younger* abstention, because state court cases against Gibson are ongoing, the state has a strong interest in bringing Gibson to trial, Gibson has an adequate opportunity to litigate his claims in state trial court, and the state did not bring its criminal claim in bad faith. (R. Doc. 30 at 11-12.) Further, the

---

proceedings. Thus only the district court judge may preside in matters before the court." (R. Doc.Nos. 44 at 5.) Further, the magistrate has errored [sic] in his participation regarding these proceedings" because "[h]e has expressed that which amounts to self personal comments to which are professional and very unbecoming of his allotted temporary position and authority." (*Id.* at 6.) Because the court finds that it should abstain from adjudicating petitioner's habeas petition, the court only gives these as background and discusses the merits of petitioner's habeas relief.

[2] These officials include Louisiana Attorney General, James "Buddy" Caldwell, Former Speaker of the Louisiana House of Representatives, James "Jim" Tucker, and Louisiana District 102 State Representative, Jeffery "Jeff" Arnold.

prosecution argues that Gibson's claims either have not been exhausted in state court or are meritless, because Gibson has not demonstrated that he is in custody in violation of the federal law. *(Id.* at 20-21.)

**LAW AND ANALYSIS**

*I. Habeas Review*

The Writ of Habeas Corpus "protect[s] . . . individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Upon a petitioner's successful adjudication of a Writ of Habeas Corpus, the court may grant immediate release or fashion another form of appropriate relief. *Peyton v. Rowe*, 391 U.S. 54, 65 (1968).

A petitioner that has not been convicted in state court must raise federal claims relating to his pretrial detention under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1541 (2012); *Holley v. Texas*, 194 F.3d 1309 (5th Cir. 1999). In order to obtain habeas review under 28 U.S.C. § 2241, a petitioner must fit one of the following criteria:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

Here, Gibson is currently being prosecuted by Orleans Parish, and alleges that his detainment violates federal law. (*see* R. Doc. 1-1 at 8.) Thus, Gibson properly filed his claim under 28 U.S.C. § 2241 and is not procedurally barred from obtaining a Writ of Habeas Corpus.

### II. Younger Abstention

A "[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief." *Kolski v. Watkins*, 44 F.2d 762, 766 (5th Cir. 1977).   On the other hand, if a petitioner demonstrates "extraordinary circumstances showing a threat of irreparable injury which is both great and immediate," then a court may exercise jurisdiction. *Id.* at 764-66; *see also Younger v. Harris,* 401 U.S. 37 (1971). The requirement that a petitioner prove "extraordinary circumstances" to obtain federal relief is grounded in the principals of comity and federalism. *Younger*, 401 U.S. at 44. The principles of comity and federalism inspired the policy of preventing federal courts from issuing injunctions or declaratory judgment while state court proceedings were ongoing. *Kolski* at 766. This restraint has been extended to Writs of Habeas Corpus. *Id.* The Fifth Circuit explained in *Kolski* that "federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger." Id.* The court found that

> [t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, . . . [a] Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief.

*Id.* (citing *Tatzel v. Hanlon*, 530 F.2d 1205 (5th Cir. 1976); *Glenn v. Askew*, 513 F.2d 61 (5th Cir. 1975)). Ultimately, *Younger* and its progeny have established that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 37).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd*., 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted).

First, the federal proceeding must not "interfere with an 'ongoing state judicial proceeding.'" *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id*. at

717 (quoting *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002)). In *Younger*, the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding. 401 U.S. at 41. Like the movant in *Younger*, Gibson is still being prosecuted. As of July 31, 2013, Gibson was granted a bond reduction with the condition that he participate in the Electronic Monitoring Program.[3] Gibson's trial is scheduled for September 23, 2013.[4] Thus, if the court were to release Gibson from the custody of Orleans Parish–either through granting immediate release or by issuing declaratory relief, preliminary injunction, temporary restraining order, or mandamus–the Court would interfere with the state court's ability to conduct its proceedings.

Second, the state must have "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). The Fifth Circuit has held that "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff." *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41). Because Orleans

---

[3]
 Because Gibson's trial has progressed since the filing of his motions, this information was obtained from Orleans Parish Criminal District Court's website. *See* Orleans Parish Crim. Dist. Ct., Docket Master (July 15, 2013), http://www.opcso.org/dcktmstr/666666.php?&docase=506743

[4]
 Because Gibson's trial has progressed since the filing of his motions, this information was obtained from Orleans Parish Criminal District Court's website. *See* Orleans Parish Crim. Dist. Ct., Docket Master (July 15, 2013), http://www.opcso.org/dcktmstr/666666.php?&docase=506743

Parish is prosecuting Gibson for Exploitation of the Infirmed under Louisiana Revised Statute Section 14:93.4, a criminal statute, Louisiana has an important interest in regulating Gibson's claim.

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). Here, Gibson has an opportunity to raise constitutional challenges in the State appellate court. In fact, he filed a Writ of Habeas Corpus with the Louisiana Fourth Circuit Court of Appeals, which was denied on February 14, 2012, (R. Doc. 1-1 at 21), and a Writ of Habeas Corpus with the Louisiana Supreme Court, which was denied on April 20, 2012. (*id.* at 21-22). Further, he will have the opportunity to appeal the court's decision if convicted. Thus, Gibson has an opportunity to raise constitutional challenges in state proceedings.

Even if these requirements are met, a court may still exercise jurisdiction pursuant to several exceptions. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) . The *Younger* exceptions include the following:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Id.* (citations omitted).

First, the state court proceeding cannot have been "brought in bad faith or with the purpose of harassing the federal plaintiff." *Earle*, 388 F.3d at 519. A state court proceeds in bad faith when it has no "hope of obtaining a valid conviction."*Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citing *Younger,* 401 U.S. at 91). "[A] showing of bad faith or harassment is equivalent to a showing of irreparable injury." *Shaw v. Garrison*, 467 F.2d 113, 120 (1972). In *O'Shea v. Littleton*, the Supreme Court held that seventeen plaintiffs, who alleged that they were deprived of their rights because judges were engaged in illegal bond setting, sentencing, and jury fee practice, could not obtain an injunction because "there are available state and federal procedures which could provide relief from the wrongful conduct alleged" if they were to be convicted or illegally sentenced. *Id.* Similarly, Gibson is being prosecuted by a court that he alleges is violating his rights to a fair trial and due process of law by setting an illegal bond, refusing to recuse its judge, failing to rule on motions, bypassing hearing dates, and being influenced by a conspiracy by Louisiana elected officials. (R. Doc. 1-1 at 16-20.) Analogous to the petitioners in *O'Shea,* Gibson is being prosecuted with the possibility of appeal if convicted.  Because Gibson has the opportunity to appeal his conviction, he does not face irreparable injury if the federal court defers to the state court's jurisdiction to hear his case. Further, Gibson has failed to demonstrate the Orleans Parish has no hope of obtaining conviction. Accordingly, the court finds that Gibson fails to prove this first exception to the *Younger* abstention doctrine.

Second, a federal court is excepted from the *Younger* abstention doctrine if the petitioner's

claim asserts that a "state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it'" *Earle*, 388 F.3d at 519 (quoting *Younger,* 401 U.S. at 49. In such a case, a court must exercise jurisdiction over a state criminal defendant's claims. Here, Gibson makes no complaint that any state statute is in violation of such a standard. Thus, this exception is inapplicable.

Third, a federal court must exercise jurisdiction over a claim if the government waives application of the *Younger* doctrine. *Earle*, 388 F.3d at 519. Because the government has not waived application of the doctrine, this exception does not apply.

In the end, the *Younger* abstention doctrine requires federal courts to decline to exercise jurisdiction when certain enumerated circumstances are present. All three conditions are met in the instant matter. A court may refuse to abstain if an exception applies, however, no exception applies here. Thus, this court must abstain from jurisdiction over Plaintiff's claims in a accordance with *Younger v. Harris.*

**CONCLUSION**

For the foregoing reasons, the Court must abstain from exercising jurisdiction over Plaintiff's Writ of Habeas Corpus.  Accordingly, it is ordered that Philip Gibson's claims brought pursuant to 28 U.S.C. §2241 against Defendants are dismissed with prejudice. Because this Court lacks jurisdiction, all outstanding Motions (Docs. 29, 33, 41, 44, 46) are **DENIED** and the above captioned matter is **DISMISSED**.

Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana this 12th day of August, 2013.

JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**